IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| JEREMY KOON, | ǁ | |
| | ǁ | |
| Petitioner, | ǁ | |
| | ǁ | |
| vs. | ǁ | No. 11-2516-STA-dkv |
| | ǁ | |
| JUAN CASTILLO, | ǁ | |
| | ǁ | |
| Respondent. | ǁ | |
| | ǁ | |

---

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On June 21, 2011, Petitioner Jeremy Koon, Bureau of Prisons register number 17432-075, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, accompanied by a legal memorandum and a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) On June 23, 2011, the Court granted leave to proceed in forma pauperis. (ECF No. 3.) The Clerk shall record the respondent as FCI Memphis Warden Juan Castillo.

On June 14, 2006, a federal grand jury in the Middle District of Tennessee returned a two-count indictment against Koon. The first count charged that, on or about May 31, 2006, Koon robbed

a Regions Bank in Nashville, Tennessee, in violation of 18 U.S.C. § 2113(a). The second count charged Koon with robbing a PrimeTrust Bank in Nashville, Tennessee, on or about June 6, 2006, in violation of 18 U.S.C. § 2113(a).[1] On November 6, 2006, Koon appeared before Senior United States District Judge John T. Nixon to plead guilty to both counts of the indictment.[2] Judge Nixon conducted a sentencing hearing on May 4, 2007, at which Koon was sentenced as a career offender to a term of imprisonment of one hundred twenty (120) months, to be followed by a three-year period of supervised release.[3] Judgment was entered on May 11, 2007.[4] Koon did not appeal his sentence.

On August 31, 2007, Koon filed a motion pursuant to 28 U.S.C. § 2255.[5] Koon filed supplements to his motion on September 17, 2007; December 13, 2007; and January 17, 2008, that raised additional issues.[6] The § 2255 motion, as amended, raised jurisdictional claims, ineffective assistance of counsel claims,

---

[1]    (Indictment, United States v. Koon, No. 3:06-00106 (M.D. Tenn.), ECF No. 11.)

[2]    (Min. Entry, id., ECF No. 21; Order, id., ECF No. 22.)

[3]    (Min. Entry, id., ECF No. 32.)

[4]    (Judgment, id., ECF No. 33.)

[5]    (Mot. to Vacate, Set Aside or Correct Sentence by a Fed. Prisoner Pursuant to 28 U.S.C. § 2255, United States v. Koon, No. 3:07-0887 (M.D. Tenn.), ECF No. 1.)

[6]    (Supp. to Mot. to Vacate, Set Aside or Correct Sentence Filed by a Fed. Prisoner Pursuant to 28 U.S.C. § 2255, id., ECF No. 2; Supp. to Mot. to Vacate, Set Aside or Correct Sentence, id., ECF No. 11; Addendum to Supp. to Mot. to Vacate, Set Aside or Correct Sentence, id., ECF No. 12.)

and sentencing errors. Judge Nixon issued an order on July 9, 2009, that denied the § 2255 motion and denied a certificate of appealability.[7] Koon appealed, but he later voluntarily dismissed his appeal.[8]

In this § 2241 petition, Koon argues that his guilty plea was not voluntary and intelligent in light of the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010). Koon also asserts that, if relief is not available under 28 U.S.C. § 2241, the limitation on successive § 2255 motions is unconstitutional. (ECF Nos. 1 & 1-1.)

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims

---

[7]   (Mem., id., ECF No. 24; Order, id., ECF No. 25.)

[8]   (Order, United States v. Koon, No. 09-5928 (6th Cir. May 3, 2010).)

seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). In this case, Petitioner is attacking the imposition of his sentence and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Petitioner carries the burden of demonstrating that the savings clause applies. Id. at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." Id. (citations omitted). After its decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758) (additional citation omitted).

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence." Paulino v. United States, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998)).

The Court of Appeals has not permitted prisoners to use the savings clause to attack their sentences. See Bannerman v. Snyder, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin."); Peterman, 249 F.3d at 461-62 (challenges that a sentence is not supported by adequate factual findings do not fall within the "savings clause"); see also Raymer v. Barron, 82 F. App'x 431, 432 (6th Cir. 2003) ("In this case, Raymer has presented only a challenge to his sentencing under the ACCA, not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under § 2241."); Green v. Hemingway, 67 F. App'x 255, 257 (6th Cir. 2003)

("[T]he 'actual innocence' exception of the savings clause of §
2255 is actual innocence of the underlying, substantive offense,
not 'innocence' of a sentencing factor.") (additional internal
quotation marks omitted); <u>Kellogg v. Snyder</u>, 48 F. App'x 114, 115-
16 (6th Cir. 2002) (rejecting challenge to sentence as a career
offender under § 2241 because prisoner did not show that § 2255
remedy was inadequate or ineffective).

Koon is not entitled to relief in this § 2241 petition
for several reasons. First, as previously noted, the claims
asserted in this petition challenge the imposition of his sentence.
<u>See</u> <u>supra</u> pp. 3-4.

Second, Koon has no valid argument that he is actually
innocent of the bank robberies for which he is currently in
custody. Koon's guilty plea is entitled to a strong presumption of
truthfulness.[9]

Third, for the reasons previously stated, Koon's
challenge to his sentence cannot form the basis for a claim of
actual innocence. <u>See</u> <u>supra</u> p. 5.[10]

---

[9]    <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1629, 52
L. Ed. 2d 136 (1977); <u>United States v. Parson</u>, 22 F. App'x 518, 519 (6th Cir.
2001) ("Lastly, Parson asserts that he is actually innocent of the drug
trafficking conviction. However, at his guilty plea hearing, Parson admitted that
he engaged in repeated instances of drug trafficking, and he acknowledged his
guilt of this crime. Parson's solemn declaration of guilt carries a presumption
of truthfulness, and his plea serves as an admission that he committed all of the
elements of the crime.") (citation omitted).

[10]    Most of the courts that have considered the issue have held that
challenges to a sentence as a career offender or an armed career criminal cannot
be brought under § 2241. <u>See, e.g.</u>, <u>In re Bradford</u>, 660 F.3d 226, 230 (5th Cir.
2011) (per curiam); <u>Barnett v. United States</u>, No. 11-2673, 2011 WL 4379217, at
(continued...)

Finally, it does not appear that the decision in <u>Johnson</u> is relevant to Koon's sentence. In <u>Johnson</u>, ___ U.S. at ___, ___, 130 S. Ct. at 1269, 1274, the Supreme Court held that a defendant's prior battery conviction under Florida law was not a "violent felony" for purposes of the Armed Career Criminal Act. In so holding, the Court explained that a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B)(i) requires the use of "violent force — that is, force capable of causing physical pain or injury to another person." ___ U.S. at ___, 130 S. Ct. at 1271. That decision has no bearing on whether Koon's prior state conviction for the sale of cocaine was properly counted as a predicate offense under § 4B1.1 of the United States Sentencing Guidelines.

For all the foregoing reasons, the first issue is without merit and is DISMISSED.

---

[10]    (...continued)
*2 (3d Cir. Sept. 21, 2011) (per curiam); <u>Gilbert v. United States</u>, 640 F.3d 1293 (11th Cir. 2011) (per curiam), <u>petition for cert. filed</u> (U.S. Aug. 17, 2011) (No. 11-6053); <u>Moss v. United States</u>, C/A No. 0:10-2482-HMH-PJG, 2011 WL 1770787 (D.S.C. Apr. 18, 2011) (report and recommendation), <u>adopted</u>, 2011 WL 1766034 (D.S.C. May 10, 2011); <u>McElhaney v. United States</u>, No. 1:93-cr-146/1:99-cv-226, 2011 WL 723379, at *1-2 (E.D. Tenn. Feb. 23, 2011); <u>Dyer v. Holland</u>, Civil Action No. 10-122-HRW, 2011 WL 165391, at *2 (E.D. Ky. Jan. 19, 2011); <u>Brown v. Fisher</u>, Civil No. 10-3230 (PAM/JJK), 2011 WL 165849 (D. Minn. Jan. 19, 2011); <u>aff'd mem.</u>, 436 F. App'x 732 (8th Cir. 2011) (per curiam); <u>Vaughn v. Rios</u>, No. 11-cv-1001, 2011 WL 134057 (C.D. Ill. Jan. 14, 2011); <u>Singleatry v. Warden, FCI-Edgefield</u>, C/A No. 0:10-0029-CMC-PJG, 2011 WL 322333, at *2-3 (D.S.C. Jan. 13, 2011) (report and recommendation), <u>adopted</u>, 2011 WL 317783 (D.S.C. Jan. 31, 2011); <u>Pryce v. Scism</u>, Civil No. 1:10-CV-1680, 2011 WL 41883, at *2-4 (M.D. Pa. Jan. 6, 2011); <u>Brown v. Pearson</u>, Civil Action No. 5:08cv285-DCB-MTP, 2010 WL 6004382 (S.D. Miss. July 15, 2010) (report and recommendation), <u>adopted</u>, 2011 WL 84121 (S.D. Miss. Mar. 8, 2011); <u>Rith v. Rios</u>, No. 1:10-CV-01035 GSA HC, 2010 WL 2546052, at *2-*4 (E.D. Cal. June 23, 2010) (report and recommendation); <u>Collins v. Ledezma</u>, 724 F. Supp. 2d 1173, 1179-80 (W.D. Okla. 2010) (collecting cases), <u>aff'd</u>, 400 F. App'x 375 (10th Cir. 2010). <u>But see</u> <u>Gallimore v. Stansberry</u>, No. 1:10cv138(AJT/IDD), 2011 WL 797320 (E.D. Va. Mar. 1, 2011).

In his second issue, Petitioner argues that the limitations on second or successive § 2255 motions violates the Suspension Clause, U.S. Const., art. II, § 9, cl. 2. (ECF No. 1 at 4; ECF No. 1-1 at 12-13.)[11] In <u>Felker v. Turpin</u>, 518 U.S. 651, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court held that the restrictions on successive habeas petitions by state prisoners did not violate the Suspension Clause:

> The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b). The Act also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners. But we have long recognized that "the power to award the writ by any of the courts of the United States, must be given by written law," <u>Ex parte Bollman</u>, 4 Cranch 75, 94, 2 L. Ed. 554 (1807), and we have likewise recognized that judgments about the proper scope of the writ are "normally for Congress to make." <u>Lonchar v. Thomas</u>, 517 U.S. 314, 323, 116 S. Ct. 1293, 1298, 134 L. Ed. 2d 440 (1996).
>
> The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ." In <u>McCleskey v. Zant</u>, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991), we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." <u>Id.</u>, at 489, 111 S. Ct., at 1467. The added restrictions which the Act places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not

---

[11]   This Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

amount to a "suspension" of the writ contrary to Article I, § 9.

Id. at 664, 116 S. Ct. at 2340. Thus, for example, the one-year statute of limitations for relief under 28 U.S.C. §§ 2254 and 2255 does not violate the Suspension Clause. Hill v. Dailey, 557 F.3d 437, 438 (6th Cir. 2009) (collecting cases). The limitations on successive petitions and motions under §§ 2254 and 2255 also do not violate the Suspension Clause. Scruggs v. Snyder, 41 F. App'x 829, 830 (6th Cir. 2002); Clark v. Brooks, No. 99-3080, 2000 WL 1290349, at *1 (6th Cir. Sept. 7, 2000) (citing Felker for the proposition that "the Supreme Court has already rejected the argument that AEDPA's restrictions on successive habeas petitions violate the Suspension Clause") (emphasis omitted). The second issue is without merit and is DISMISSED.

Because Koon is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition is DISMISSED. Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F.3d 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a

9

certificate of appealability as a condition to obtaining review of the denial of his petition"); see also Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App.

P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[12]

IT IS SO ORDERED this 27th day of December, 2011.


s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[12]    If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.