IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JEREMY KOON, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 11-2516-STA-dkv |
| JUAN CASTILLO, | ) | |
| Respondent. | ) | |

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On June 21, 2011, Petitioner Jeremy Koon, Bureau of Prisons register number 17432-075, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, accompanied by a legal memorandum and a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) On June 23, 2011, the Court granted leave to proceed in forma pauperis. (ECF No. 3.) The Court issued an order on December 27, 2011, that denied the petition, certified that an order would not be taken in good faith, and denied leave to proceed in forma pauperis on appeal. (ECF No. 4.) Judgment was entered on December 29, 2011. (ECF No. 5.) On January 4, 2012, Petitioner filed a Motion for Reconsideration. (ECF No. 6.)

"To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006)). The Sixth Circuit has repeatedly held that

> Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007); Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) allows for reconsideration; it does not permit parties to effectively "re-argue a case." Sault Ste. Marie Tribe, 146 F.3d at 374.

Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008).

In his Motion for Reconsideration, Petitioner argues that the Court made a clear error of law by failing to recognize that a guilty plea may not be intelligent and voluntary in light of an intervening Supreme Court decision that renders a prisoner actually innocent. (ECF No. 6 at 2.) In Waucaush v. United States, 380 F.3d 251, 254-58 (6th Cir. 2004), on which Petitioner relies, the Sixth Circuit held that a prisoner was entitled to challenge his guilty plea under 28 U.S.C. § 2255 where an intervening Supreme Court decision rendered him actually innocent of the substantive offense of which he had been convicted. This decision is inapplicable to the instant case because Koon filed a § 2241 petition, not a § 2255

2

motion, and because he is not actually innocent of the bank robberies for which he was convicted.

The remaining issues presented are restatements of arguments that have previously been made and rejected. Nothing in the instant motion persuades the Court that its order denying this habeas petition was erroneous. The motion for reconsideration is DENIED.

IT IS SO ORDERED this 20th day of March, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE